UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RAMON TONY CANTU,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 06-1127 (RHK/JJG)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In 1995, Petitioner was convicted of third degree murder under Minnesota law, based on a plea of nolo contendere. He was sentenced to 278 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

Petitioner did not challenge his conviction or sentence by direct appeal. However, in September 2004, he filed a post-conviction motion in the state trial court, contending that his sentence should be vacated pursuant to the United States Supreme Court's decisions in

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004). The trial court denied Petitioner's post-conviction motion, and he appealed.

The Minnesota Court of Appeals rejected Petitioner's post-conviction claims, because Apprendi and Blakely are not retroactively applicable on collateral review. Cantu v. State of Minnesota, No. A05-804 (Minn.App. 2006), 2006 WL 44344 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on March 14, 2006.

On March 23, 2006, Petitioner filed his current federal habeas corpus petition. This petition raises the same claim that was presented to the Minnesota Court of Appeals in Petitioner's post-conviction appeal, namely that his sentence should be vacated pursuant to Apprendi and Blakely, because the length of his sentence was based on factual determinations made by the trial court judge alone, rather than a jury.

For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is time-barred, and that this action must therefore be summarily dismissed.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition which suggests that clauses (B) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any new evidence that could not have been discovered earlier.

The Court also finds that § 2244(d)(1)(C) does not apply here, because Petitioner's Apprendi-Blakely claim is not based on a new rule of constitutional law that has been made retroactively applicable to cases on collateral review. Although Apprendi and Blakely did establish a new rule of constitutional law, (i.e., that factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is not retroactively applicable on collateral review. United States v. Moss, 252 F.3d 993, 999-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002); United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir. 2005) (per curiam) (unpublished opinion). See also Paige v. Birkett, No. 05-CV-

71917-DT (E.D.Mich. 2006), 2006 WL 273619 at *3 (habeas petitioner "cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one year limitations period, because the Supreme Court did not indicate in Blakely that its decision was being made retroactive to cases on collateral review"); Hanna v. Jeffreys, No. 2:05-CV-727 (S.D.Ohio 2006), 2006 WL 462357 at *6 ("§ 2244(d)(1)(C) does not serve to delay the date that the statute of limitations began to run as to petitioner's claim that his sentence violates Blakely..., because Blakely is not retroactively applicable to cases on collateral review"); Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005), 2005 WL 309537 at *3 (statute of limitations pertinent to a Blakely claim does not begin to run on the date when Blakely was decided, pursuant to 28 U.S.C. § 2244(d)(1)(C), because Blakely has not been made retroactively applicable on collateral review). Because neither Apprendi nor Blakely is retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run, pursuant to § 2244(d)(1)(C), when either of those cases was decided. Instead, the one-year limitations period began to run, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner is challenging a judgment of conviction and sentence entered on November 13, 1995. (Petition, [Docket No. 1], p. (2), § 2.) Because he did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule

4

28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was February 11, 1996, (90 days after entry of his judgment of conviction and sentence), and that is the date when Petitioner's judgment of conviction became "final" for purposes of § 2244(d)(1)(A).

However, the Eighth Circuit Court of Appeals has held that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, even though Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on February 11, 1996, the statute of limitations did not actually begin to run in this case until April 24, 1996. It follows that the one-year limitations period expired in this case on April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions"). Because Petitioner did not file his current petition until March 23, 2006, which was nearly nine years after the statute of limitations deadline, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his post-conviction motion in the trial court. The statute of limitations expired on April 24, 1997, and Petitioner did not file his state post-conviction motion until September 2004 – more than seven years after the statute of limitations expired. Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000).

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his state post-conviction proceedings were complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).[2] Again,

---

[2] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not

6

the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because the statute of limitations had already expired more than seven years before he filed his post-conviction motion.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The statute of limitations expired on April 24, 1997, but Petitioner did not file his current federal habeas corpus petition until almost nine years thereafter. Section 2244(d)(1)(C) did not give Petitioner a fresh one-year limitation period when either Apprendi or Blakely was decided, because the new rule of constitutional law announced in those cases is not retroactively applicable on collateral review. Furthermore, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because the statute of limitations expired long before he filed his state post-conviction motion. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be dismissed with prejudice.

---

      reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

**IV. RECOMMENDATION**

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**; and

2.  This action be **DISMISSED WITH PREJUDICE**.

Dated: March 27, 2006                                         s/Jeanne J. Graham

                                                                                        JEANNE J. GRAHAM
                                                                                        United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 14, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.