UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ramon Tony Cantu, | Civil 06-1127 (RHK/JJG) |
|     Petitioner-Appellant, | |
| v. | **ORDER** |
| State of Minnesota, | |
|     Respondent-Appellee. | |

---

This matter is before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 9.)

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she is indigent, and thus cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

In this case, Petitioner's IFP application shows that he is presently incarcerated, and that his only current income is an allowance in the amount of $56.00 per month, which he receives for attending school while he is in prison. (IFP Application, ¶ 1.) However, Petitioner's IFP application also shows that he has certain "mutual funds" that purportedly have a value of $3000. (Id., ¶ 5.) Petitioner has no dependants, (id., ¶ 6), and there is nothing to indicate that he has any unusual debts or financial obligations. Moreover, Petitioner presumably does not even have to pay such normal living expenses as food, lodging and health

care costs, because he is currently being cared for by the State Department of Corrections.

In light of Petitioner's fairly substantial assets, (compared to most prisoners), and reduced living expenses, the Court finds that he is not financially eligible to proceed IFP on appeal.[1] Simply put, Petitioner has not adequately explained why his mutual funds cannot be used to pay the filing fee and other costs of his appeal. Petitioner's IFP application will therefore be DENIED.[2]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application to proceed in forma pauperis on appeal, (Docket No. 9), is DENIED.

Dated: June 28, 2006

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge

---

[1] Having determined that Petitioner is not financially eligible for IFP status, the Court does not reach the issue of whether his appeal is brought in good faith.

[2] It should be noted that even if the filing fee for Petitioner's appeal were waived, or paid in full, his appeal could not proceed at this time, because the Court has determined that Petitioner is not entitled to a Certificate of Appealability in this matter, as required by 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22(b)(1). (See Order dated May 8, 2006; [Docket No. 6].) Without a COA, Petitioner will not be able to prosecute his appeal, regardless of his IFP status – or even if he pays the full filing fee for his appeal.